IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH TENUTO, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK, et al., | : | NO. 05-5339 |
| Respondents. | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed

pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional

Institution at Houtzdale, in Houtzdale, Pennsylvania.  For the reasons which follow, it is

recommended that the petition be denied and dismissed.

I.      PROCEDURAL HISTORY

On October 19, 1998, following a jury trial presided over by the Honorable

Patricia A. McInerney, petitioner was convicted of two counts of aggravated assault, promoting

prostitution, robbery, and criminal conspiracy.  Specifically, petitioner was convicted of running

a prostitution house out of his apartment, and torturing several of the women who worked for

him.  On December 2, 1998, the trial court sentenced petitioner to a term of five to ten years for

the aggravated assault of Ms. Imotichey, a consecutive two to five year prison term for

aggravated assault of Ms. Galloway, and a consecutive term of five years probation for

promoting prostitution.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania.  The

Superior Court affirmed petitioner's judgement of sentence.

On January 2, 2001, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  The PCRA court denied the petition without a hearing. Petitioner filed a notice of appeal to the Superior Court.  Petitioner's appointed counsel was forced to withdraw due to military deployment.  New counsel was appointed.  Petitioner's appointed counsel filed a no merit brief purporting to comply with Anders v. California, 386 U.S. 783 (1967).

On August 25, 2003, the Superior Court found that counsel had set forth the claims that petitioner raised but failed to explain why each claim was meritless.  Counsel had filed the no merit brief in compliance with Anders, which is the standard for counsel seeking to withdraw from representation on direct appeal.  The Superior Court explained that this was a PCRA petition and counsel seeking to withdraw representation must file a no merit brief in compliance with Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1998).

On September 24, 2003, counsel filed a second no merit letter and explained each of petitioner's claims and why each lacked merit.  On December 17, 2003, the Superior Court granted counsel's request to withdraw from representation.  The Superior Court ordered petitioner to proceed pro se, with privately retained counsel, or not at all.  Petitioner filed a pro se PCRA brief.  The Superior Court denied petitioner's PCRA petition.  Petitioner then filed a request for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 28, 2005.

On October 11, 2005, petitioner filed the instant petition seeking habeas corpus relief, claiming:

(1)   Trial counsel was ineffective for failing to present petitioner's family members as character witnesses;

(2)   Trial counsel was ineffective for failing to present the testimony of Michie Cohen;

(3)   Trial counsel was ineffective for eliciting testimony from petitioner's wife, Linda McDermott, that petitioner beat her;

(4)   Trial counsel was ineffective for not objecting to the admission of evidence of petitioner's continuous abuse of the victim, Ruby Imotichey;

(5)   The evidence was insufficient to prove that petitioner robbed Marsha Galloway;

(6)   Petitioner's sentence was excessive because it did not reflect his character, work history, and condition;

(7)   Trial counsel was ineffective for failing to object to the pre-sentence report that allegedly contained erroneous information about petitioner's employment record;

(8)   Trial court used the wrong sentencing guidelines;

(9)   Trial and appellate counsel were ineffective for failing to preserve the issue of the trial court's failure to use the correct sentencing guidelines; and

(10)   After-discovered evidence relating to the testimony of his co-conspirator Linda McDermott proves petitioner is innocent.

Respondents retort that petitioner is not entitled to federal habeas relief.

Respondents contend that petitioner's first through fifth claims, although properly raised, are without merit.  We agree, and hereafter discuss the merit of claims one through five.

Respondents further contend that petitioner's sixth through tenth claims are procedurally defaulted, as they claims were not properly presented to the state courts and cannot be presented there now.  We agree that procedural default is established as discussed hereafter, and thus find the petition for Writ of Habeas Corpus should be dismissed in its entirety.

II.    STANDARD OF REVIEW

Petitioner's remaining claims, one through five,  are reviewed on the merits and subject to the following standard of review.

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a significant burden.  Section 104 of the AEDPA imparts a presumption of correctness to the state court's determination of factual issues - a presumption that petitioner can only rebut by clear and convincing evidence.  28 U.S.C. § 2254(e)(1) (1994).  The statute also grants significant deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

4

28 U.S.C. § 2254(d).

       The United States Supreme Court, in <u>Williams v. Taylor</u>, 529 U.S. 362, 404-05, 120 S. Ct. 1495 (2000), interpreted the standards established by the AEDPA regarding the deference to be accorded state court legal decisions, and more clearly defined the two-part analysis set forth in the statute.  Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States."  As defined by Justice O'Connor, writing for the majority of the Court on this issue, a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]."  <u>Id.</u>  She explained, however, that this "contrary to" clause does not encompass the run-of-the-mill state court decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case."  <u>Id.</u> at 406.

       To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1).  It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  <u>Id.</u> at 407-08.  The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply

because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410.

III.    DISCUSSION OF MERITS

Petitioner's claims one through five have been properly exhausted in the state courts and will now be addressed on the merits.  Claims one through four assert that petitioner's counsel failed to provide effective assistance.

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged ineffectiveness of counsel.  Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984).  The Sixth Amendment to the United States Constitution recognizes the right of every criminal defendant to effective assistance of counsel. U.S. Const., amend. VI.  The Supreme Court has set forth a two-prong test - both parts of which must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged.  Id. at 668. First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness."  Id.  The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstance of counsel's challenged conduct,
> and to evaluate the conduct from counsel's perspective at the
> time.  Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable
> professional assistance; that is, the defendant must overcome
> the presumption that, under the circumstances, the challenged

action "might be considered sound trial strategy."  Id. at 689
(quoting Michel v. Louisiana, 350 U.S. 91, 76 S. Ct. 158,
163-64 (1955)).

A convicted defendant asserting ineffective assistance must therefore identify the

acts or omissions that are alleged not to have been the result of reasoned professional judgment.

Id. at 690.  Then the reviewing court must determine whether, in light of all the circumstances,

the identified acts or omissions were outside "the wide range of professionally competent

assistance."  Id.  Under Pennsylvania law, counsel is not ineffective for failing to raise baseless or

frivolous issues.  Commonwealth v. Wilson, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance

prejudiced the defense.  Strickland, 466 U.S. at 687.  To establish prejudice, the petitioner must

show that "there is a reasonable probability that, but for counsel's unprofessional error, the result

of the proceeding would have been different."  Id. at 694.  A reviewing court need not determine

whether counsel's performance was deficient before considering whether the petitioner suffered

any prejudice as a result of the alleged deficiency.  If it is easier to dispose of an ineffectiveness

claim for lack of the requisite prejudice, that course should be followed.  Id. at 697.

In the case at bar, petitioner's first claim is that trial counsel was ineffective for

failing to present petitioner's family members as character witnesses.  Petitioner claims that trial

counsel should have called his mother, father, and mother-in-law to testify to his reputation for

non-violence and honesty.  The state court rejected this claim because it determined that trial

counsel's decision was a professionally reasonable course of action.  The witnesses listed by the

petitioner are all family members.  Their relationship with petitioner would call the trial court to

question their credibility.  See Commonwealth v. Hoffman, 589 A.2d 737, 746 (Pa. Super. 1991)

7

(counsel is not ineffective for failing to call defense witness whose credibility would be seriously questioned given her friendship with accused.) Based on the facts of this case petitioner has failed to show that any competent lawyer would have chosen to call potentially harmful character witnesses. Thus, petitioner has failed to prove that counsel was ineffective. As such, we must dismiss the habeas petition as to this claim.

Petitioner's second claim is that trial counsel was ineffective for failing to present the testimony of Michie Cohen. Petitioner claims that Michie Cohen would have testified that the victim, Ruby Imotichey, had told Ms. Cohen that her "cauliflower ear" was preexisting, that she had been beaten as a child, and that another women in the brothel had been her. The state court rejected this claim finding that petitioner failed to prove that the witness was even available at the time of trial. Further, petitioner failed to prove how Michie Cohen would have actually testified. Without evidence that Michie Cohen was available at the time of trial and what exactly she would have testified to, it can not be said that trial counsel was ineffective for failing to call her as a witness. Thus, we must dismiss the habeas petition as to this claim.

Petitioner's third claim is that trial counsel was ineffective for eliciting testimony from his wife, Linda McDermott, that petitioner beat her. Linda McDermott gave a statement to the police after petitioner was arrested. Her statement implicated petitioner in the crimes charged. On cross examination petitioner's counsel questioned Linda McDermott about her statement she made to the police. Linda McDermott responded by testifying that when petitioner found out she gave the statement he beat her. Petitioner now claims that trial counsel was ineffective for allowing Linda McDermott to testify about the beating. The state court rejected this claim, finding that trial counsel may have elicited the testimony but then he used it to attack

her credibility.

Trial counsel used the testimony to impeach Linda McDermott's overall credibility.  Trial counsel pointed out that McDermott had not reported the alleged beating to the police. Counsel also noted that McDermott did not take pictures of her bruises.  Trial counsel also elicited testimony that McDermott never sought a protection from abuse order.   Trial counsel used the testimony to attempt to prove that McDermott was generally dishonest.  The trial court also instructed the jury to disregard Linda McDermott's statement about the beating. The trial court explained that petitioner was not being charged with that beating and it was not relevant evidence in petitioner's trial.  Petitioner has failed to prove that trial counsel's actions fell below an objective standard of reasonableness and that no competent lawyer would have acted in that manner.  Furthermore, petitioner failed to prove that but for that testimony the outcome of the trial would have been different.  We can not find that trial counsel was ineffective as to this claim.  As such, we must dismiss the habeas petition as to this claim.

Petitioner's fourth claim is that trial counsel was ineffective for not objecting to the admission of evidence of petitioner's continuous abuse of the victim, Ruby Imotichey. Petitioner claims that only evidence of him physically striking the victim should have been admitted.  Petitioner claims that trial counsel should have objected to the evidence of petitioner locking the victim in a closet, forcing her to perform oral sex, forcing her to drink urine, forcing her to eat off the floor, and other heinous acts against the victim.  The state court rejected this claim.  The state court found that it would have been meritless for trial counsel to object to the admission of such evidence.  The state court explained that the evidence was admissible under Pennsylvania state law to present evidence of petitioner's continuous pattern of abuse.  The

evidence proved petitioner's malice, motive and intent.  Since the evidence was admissible

pursuant to state law, any objection by trial counsel would have lacked merit.  Trial counsel can

not be ineffective for failing to raise a meritless claim.  Thus, we must dismiss the habeas

petition as to this claim.

Petitioner's fifth claim is that the evidence was insufficient to prove that he

robbed Marsha Galloway.  The constitutional standard for assessing the sufficiency of the

evidence is whether, viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  It is of no matter whether this court

believes that the evidence at trial established petitioner's guilt beyond a reasonable doubt.  See

id., 443 U.S. at 318-19.

In the case at bar, petitioner fails to explain why any rational trier of fact couldn't

have found the essential elements of robbery beyond a reasonable doubt.  Additionally, petitioner

offers no compelling argument that the verdict reached by the jury was irrational in nature.  A

review of the evidence shows petitioner accused Marsha Galloway of stealing money from him,

and when she denied it, he beat her in the face and choked her.  The evidence showed Marsha

Galloway lost control of her bowels and bladder and was knocked unconscious.  Prior to hitting

her, petitioner told Ms. Galloway he was going to take any money she made in the next week

along with her jewelry and coat.  Finally, the evidence showed that when Ms. Galloway left

petitioner's house later in the week, petitioner took the items he said he was going to.  It is clear

that this evidence of petitioner's culpability introduced at trial was more than necessary for a

conviction, and thus petitioner cannot meet the Jackson standard.  As such, petitioner is unable to

prove that the state court decision involved an unreasonable application of Supreme Court precedent.  See Williams, 529 U.S. at 407-08.  Therefore, we must dismiss the habeas petition as to this claim.

## IV.    PROCEDURAL DEFAULT

We find petitioner's sixth through tenth claims procedurally defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demand, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred... there is procedural default for the

purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546,

reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991); McCandless v. Vaughn, 172 F.3d 255, 260

(3rd Cir. 1999). The procedural default barrier precludes federal courts from reviewing a state

petitioner's federal claims if the state court decision is based on a violation of state procedural

law that is independent of the federal question and adequate to support the judgment. Coleman,

501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is

jurisdictional... [b]ecause this Court has no power to review a state law determination that is

sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in

federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting

their federal claims in state court." Id., at 732.

   As noted above, respondents contend that petitioner's sixth through tenth claims

were never properly exhausted in state court and petitioner can no longer bring these claims in

state court, hence these claims are procedurally defaulted. In the event a petitioner brings claims

which are procedurally defaulted, he is not entitled to federal habeas review unless he can show

that his default should be excuse. Such excuse is allowed only where the petitioner can show

"cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims would result in a fundamental miscarriage of

justice." Coleman, 501 U.S. at 750.

   Our review demonstrates that procedural default is established here.

   Petitioner's sixth claim is that his sentence was excessive because it did not reflect

his character, work history, and condition. Petitioner attempted to raise this claim on direct

appeal but the Superior Court refused to review it on independent and adequate state grounds.

The Superior Court refused to review the claim because petitioner failed to present a "substantial question" which is a requirement under Pennsylvania state law.  Commonwealth v. Tenuto, 760 A.2d 434 (Pa. Super 2000).  The Superior Court found, "The weight the sentencing court gave to legitimate sentencing factors does not raise a substantial question."  Id.  The Superior Court stated that sentencing factors such as petitioner's character, work history and condition are legitimate facts and challenging the weight the sentencing court gave them is not a substantial question and can not be reviewed.   The Superior Court rested its decision to refuse to review petitioner's claim purely on state law, with no reference to federal law or the federal constitution.  Therefore, this Court must further conclude that the Superior Court's determination that petitioner failed to meet the state requirements for review of his claim constitutes an adequate and independent state procedural ground.  Since, the state court never reviewed this claim on a federal ground that could then be subject to habeas review the claim is considered procedurally defaulted and barred from federal habeas review.  Thus, we must dismiss the habeas petition as to this claim.

Petitioner's seventh claim is that trial counsel was ineffective for failing to object to the pre-sentence report that allegedly contained erroneous information about petitioner's employment record.  Petitioner's eighth claim is that the trial court used the wrong sentencing guidelines.  Petitioner's ninth claim is that prior counsel were ineffective for failing to preserve the issue of the trial court's failure to use the correct sentencing guidelines.  Petitioner attempted to exhaust his state remedies by presenting these three habeas claims to the state courts.

However, the state courts dismissed these claims as having been previously litigated.[1]  A state court's determination that a litigant failed to satisfy the procedural requirements of the PCRA court and, therefore, is not entitled to have the claims reviewed on their merits, also bars a federal habeas court from entertaining the issue.  Sistrunk v. Vaughn, 96 F.3d 666, 674 (3d Cir. 1996); see also, Coleman v. Thompson, 501 U.S. 722, 729-730 (1991)(if a state court previously refused to review a claim pursuant to a state law "that is independent of the federal question and adequate to support the judgment" a federal court will not consider the claim).  This state rule constitutes an adequate and independent state procedural ground such that claims previously litigated by petitioner on direct appeal and subsequently barred on PCRA review as previously litigated are procedurally defaulted.  See Blackwell v. Larkins, 1998 WL 401752, at *4-5 (E.D. Pa. July 6, 1998)(concluding that a claim previously litigated on state grounds and thus not reviewable during PCRA proceedings is procedurally defaulted).  Thus, we must dismiss the habeas petition as to these three claims.

Petitioner's tenth claim is that after-discovered evidence relating to the testimony of his co-conspirator Linda McDermott proves petitioner is innocent.  Petitioner claims that Linda McDermott made a statement after the trial that her testimony was coerced and petitioner is entitled to relief due to that after-discovered evidence.  Petitioner attempted to raise this claim on direct appeal.  The Superior Court refused to review the claim.  The Superior Court found that

---

[1]To be eligible for PCRA relief, an applicant must establish that the issues raised in his petition have not been previously litigated.  Commonwealth v. Albrecht, 720 A.2d 693, 698 (Pa. 1998).  See 42 Pa. Cons. Stat. Ann. § 9543(a)(West 1998)(to be eligible for PCRA relief, the petitioner must plead and prove by a preponderance of the evidence . . . (3) that the allegation of error has not been previously litigated or waived).  The PCRA statute also provides that an issue has been previously litigated if: (1) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (2) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.  42 Pa. Cons. Stat. Ann. § 9544(a)(West 1995).

the claim was waived because petitioner waited over six months after the statement by Linda McDermott was made to raise the issue to any court.  Under Pennsylvania state law a motion for a new trial on the grounds of after discovered evidence must be filed in writing promptly after such discovery.  Pa.R.Crim.P. 1410(c).  The Superior Court found that waiting over six months after the discovery of new evidence to bring a claim is not considered prompt.  The Superior Court found the claim to be waived and refused review.  Thus, petitioner has failed to exhaust the claim because he did not adequately raise it on direct appeal.  This claim is procedurally default and must be dismissed without review by this court.  We must dismiss the habeas petition as to this claim and in its entirety.

Therefore, I make the following:


<u>RECOMMENDATION</u>

AND NOW, this _____ day of May, 2006, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and DISMISSED.  It is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


/S LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE