IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH TENUTO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-5339 |
| | : | |
| GEORGE PATRICK | : | |

### MEMORANDUM OPINION

Savage, J.                                                                                        January 22, 2009

After the Third Circuit Court of Appeals denied his request for a certificate of appealability, Joseph Tenuto ("Tenuto") filed a motion under Fed. R. Civ. P. 60(b) to void the judgment dismissing his habeas petition under 28 U.S.C. § 2254.[1]  In the motion, Tenuto alleges that because the court did not have the entire state court record and instead relied on the respondents' recitation of the facts and history, the habeas proceeding was defective.  On June 16, 2008, as ordered, Tenuto identified the following documents he believed were not available to the court: the Pennsylvania Superior Court's May 27, 2004 opinion dismissing his first PCRA petition; transcripts from his trial and sentencing hearing; the brief filed in his direct appeal and its exhibits; the pre-sentencing investigation report prepared for the trial court; and materials relating to his *Blakely v. Washington* claim.

Rule 60(b) permits a court to relieve a party from a judgment in certain limited circumstances.  Aimed at striking a "balance between the conflicting principles that litigation must be brought to an end and that justice must be done," *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).  Rule 60(b) may not

---

[1] The legal and factual background of Tenuto's state court case is detailed in Magistrate Judge Caracappa's Report and Recommendation dated May 30, 2006 (Doc. No. 16).  Because it is not relevant to the disposition of this motion, it will not be repeated here.

be used as a substitute for appeal.  *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citing *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977)). Legal error alone will not justify granting a Rule 60(b) motion. *Id.*  In other words, a petitioner cannot re-litigate the merits of his habeas petition under the guise of a Rule 60(b) motion.  Thus, the court must first determine whether the motion is actually another habeas petition.

Where the Rule 60(b) motion is a second habeas petition, the district court does not have jurisdiction.  A determination whether the Rule 60(b) motion is a "second or successive" habeas petition turns on whether the petitioner is attempting to re-argue the merits of his earlier habeas petition or is attacking the "manner in which the habeas judgment was procured." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).  Unlike a second habeas petition, a Rule 60(b) motion challenges the habeas procedure itself. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

In *Gonzalez*, petitioner sought to use Rule 60(b) to challenge the dismissal of a habeas petition on statute of limitations grounds.  545 U.S. at 526.  The Supreme Court concluded that the petitioner's motion was not the equivalent of a successive habeas petition because it attacked a defect in the integrity of the federal habeas proceedings, rather than presenting a "claim" for habeas relief. *Id.* at 532-36.  Consequently, the Court held that the district court could rule on the Rule 60(b) motion and address the statute of limitations question without authorization by the court of appeals. *Id.* at 536-38.

Here, Tenuto's primary contention targets a perceived defect in the proceedings. He alleges that the portions of the state court record were not reviewed by the habeas

court. Contrary to his understanding, all of the materials he identified as having been unavailable are contained in the record provided by the state court. The Superior Court's May 27, 2004, opinion was referred to in the Report and Recommendation of the Magistrate Judge, though the date of that opinion was not specified. Because the other documents were not specifically mentioned by the Magistrate Judge does not mean that they were not reviewed. Indeed, they were in the record and otherwise available to the habeas court. Therefore, Tenuto's main contention is without merit.

In addition to his contention about the incomplete state court record, Tenuto attempts to re-litigate some of the same arguments he previously presented in his habeas petition. He contends that his "sentencing basis claim" is not procedurally defaulted and his sentence is constitutionally illegal. These attempts to revisit the claims made in his habeas petition fall outside the permissible boundaries of Rule 60(b). Therefore, Tenuto's motion will be denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH TENUTO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 05-5339** |
| | : | |
| **GEORGE PATRICK** | : | |

## ORDER

     **AND NOW**, this 22nd day of January, 2009, upon consideration of Petitioner Joseph Tenuto's Motion to Void Judgment under Rule 60(b) (Document No. 44) and the respondents' response, it is **ORDERED** that the motion is **DENIED**.

                                            /s Timothy J. Savage
                                            TIMOTHY J. SAVAGE, J.